UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. DYKES, #2:22-cv-113,

        Plaintiff,

v.

CORIZON, INC, et al.,

        Defendants.
_____/

Case No. 2:22-cv-113

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Plaintiff's motion for default judgment. (ECF No. 79.)

Plaintiff — state prisoner Robert L. Dykes — filed suit pursuant to 42 U.S.C. § 1983 on May 27, 2022. In his verified complaint, Dykes alleged that Defendants violated his rights under the First and Eighth Amendments as well as under the Religious Land Use and Institutionalized Persons Act (RLUIPA). (ECF No. 1, PageID.5-14.) Specifically, Dykes complained that Defendants[1] refused his requests for a religious diet free of soy, peanut butter, all beans other than navy beans, corn,

---

[1] Dykes initially named the following as Defendants: (1) Corizon, Inc. ("Corizon"), (2) Dr. Timothy Stallman, (3) Nurse Practitioner (NP) Wendy Jamros, (4) Nurse Manager Wendy Ball, (5) Dietician Kelly Wellman, (6) Dietician Patricia Willard, (7) Special Activities Coordinator (SAC) Steve Adamson, (8) SAC Adrian Dirschell, and (9) Michigan Department of Corrections (MDOC) Deputy Director Jeremy Bush. (ECF No. 1, PageID.3-4.)

corn bread, grits, and greens. Dykes alleged (1) that his sincerely held religious beliefs as a member of the Moorish Science Temple of America required him to adhere to the aforementioned diet, and (2) that the non-adherent diet caused him gastrointestinal issues and issues related to his glucose-6phosphate dehydrogenase deficiency.

In a July 22, 2022, screening opinion, this Court determined that Dykes's complaint stated the following claims:

1. an Eighth Amendment claim against Dr. Stallman, NP Jamros, Dietician Wellman, Dietician Willard, SAC Dirschell, Deputy Director Bush, and Corizon;

2. a First Amendment Free Exercise claim against Dietician Willard, SAC Dirschell, and Deputy Director Bush, and

3. an RLUIPA claim against Dietician Willard, SAC Dirschell, and Deputy Director Bush.

(ECF No. 8, PageID.129-130.)

On February 17, 2023, Defendant Corizon filed a notice of bankruptcy and automatic stay. (ECF No. 33.) There, Corizon explained that it had filed for bankruptcy under Chapter 11 of Title 11 of the United States Code, triggering an automatic stay of proceedings against it. (ECF No. 33, PageID.399 (citing 11 U.S.C. § 362(a)).)

On March 15, 2023, the Chapman Law Group ("CLG"), which had previously appeared on behalf of Defendants Stallman, Jamros, and Corizon, moved to withdraw

as attorneys in this matter, and for a 120-day stay. (ECF No. 37.) The Court initially denied the motion to withdraw without prejudice and granted a 90-day stay, requiring Defendants "to provide monthly status reports regarding their attempts to retain new counsel" and providing that "once new counsel is obtained, Defense Counsel Chapman Law Group may refile its motion to withdraw as counsel." (ECF No. 40, PageID.417.) Following a status conference with the parties on July 11, 2023, the Court issued an order allowing the withdrawal of CLG as attorneys for Defendants Stallman, Jamros, and Corizon, and declining to extend the 90-day stay. (ECF No. 55, PageID.464.) This case therefore proceeded with respect to all of Dykes's claims except for his claim against Corizon.

On January 29, 2024, Dykes filed an application for entry of default against Dr. Stallman. (ECF. 76.) The Clerk of Court did not enter the requested default. This application was accompanied by a "declaration of default" signed by Dykes (ECF No. 77), and a declaration signed by Dykes indicating that Dykes is "certain that [Stallman] is not listed [sic] in the military" (ECF No. 78.)

On the same day, Dykes moved for default judgment against Defendant Stallman. (ECF No. 79.) Dykes's motion requests entry of default judgment by the court clerk. (ECF No. 79.) He also attaches a proposed judgment, again to be authorized by the clerk, awarding Dykes "$16,676.6666667" plus interest. (ECF No. 79-1, PageID.730.) Dykes's proposed judgment also states as a fact that Stallman has failed to plead or otherwise defend this case. (*Id*.)

3

## II.    Analysis

Federal Rule of Civil Procedure 55 sets forth the procedures for entry of default and default judgment. Rule 55(a) provides that: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Further, Rule 55(b)(1) provides that if the plaintiff's claim is "for a sum certain or a sum that can be made by certain computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted . . . ." "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

As noted above, the Clerk of Court has not entered default, and the undersigned respectfully recommends that the Court deny Dykes's motion for default judgment (ECF No. 79).

As an initial matter, the undersigned notes that Dr. Stallman was not required to file a responsive pleading in this matter. Section 1997e(g)(1) of Title 42 of the United States Code provides that:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

Indeed, this Court's August 16, 2022, order lifting stay and for service stated that: "Until so ordered by the Court, no Defendant is required to file an answer or motion

4

in response to the complaint, and no default will be entered for failure to do so." (ECF No. 14, PageID.143 (citing 42 U.S.C. § 1997e(g)(1)).)

Beyond that point, the docket reflects that Dr. Stallman did defend this case during the period when he was represented by attorneys from CLG. (*See, e.g.*, ECF No. 16 (motion for summary judgment filed by an attorney from CLG on Stallman's behalf on Sept. 9, 2022); ECF No. 22 (reply to response to motion for summary judgment filed by an attorney from CLG on Stallman's behalf on Oct. 18, 2022); ECF No. 26 (waiver of service filed by an attorney from CLG on Stallman's behalf on Dec. 8, 2022); ECF No. 50 (monthly status report filed by an attorney from CLG on Stallman's behalf on May 22, 2023).)

The undersigned recognizes that the docket reflects (1) that no attorney has entered an appearance on Dr. Stallman's behalf after CLG was allowed to withdraw from the case on July 12, 2023,[2] (2) that Dr. Stallman has filed no pleadings since CLG withdrew from the case, and (3) that Dr. Stallman failed to appear for a settlement conference on January 22, 2024 (ECF No. 74 (minutes).)

But despite this period of inactivity by Dr. Stallman, the undersigned cannot yet conclude that he has stopped defending the case. Dr. Stallman was not required to file a dispositive motion or any other pleading during his period of inactivity. And Dykes does not contend let alone establish that Dr. Stallman failed to participate in

---

[2]     However, an attorney from the law firm of Plunkett Cooney now represents Defendant Nurse Practitioner Wendy Jamros, the other former Corizon employee in the case.

5

discovery. Accordingly, it is the undersigned's opinion that neither default nor default judgment is warranted at this time.[3]

### III. Recommendation

The undersigned respectfully recommends that the Court deny Plaintiff's motion for default judgment (ECF No. 79) against Defendant Dr. Stallman.

Dated:   February 5, 2024                    /s/ *Maarten Vermaat*
                                             MAARTEN VERMAAT
                                             U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[3] The undersigned notes that earlier today, this Court issued a case management order setting a trial date as well as various deadlines leading up to trial. (ECF No. 81.)  For example, the deadline for Defendants' Pretrial Narrative Statement is July 12, 2024. (*Id.*, PageID.734.)  And a settlement conference is set for July 16, 2024. (*Id.*, PageID.735.)  If Dr. Stallman fails to meet these deadlines, or to appear at the July 16, 2024, settlement conference, it may be appropriate for the Court to issue a show cause order regarding Dr. Stallman's failure to defend Dykes's claims against him.