UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. DYKES,

    Plaintiff,

v.

CORIZON, INC., et al.,

    Defendants.

_____/

Case No. 2:22-cv-113

Hon. Hala Y. Jarbou

## AMENDED ORDER

Robert L. Dykes, a state prisoner, brings this § 1983 action against several defendants. His claims center on the diet provided to him by the Michigan Department of Correction's ("MDOC") that he alleges he is unable to digest safely due to a medical condition. Relevant to this Order is his Eighth Amendment claim against Nurse Practitioner ("NP") Wendy Jamros. Specifically, Dykes alleges that Jamros acted with deliberate indifference towards his medical needs when she refused to order a medical diet free of soy, peanut butter, corn, corn bread, grits, greens, and all beans other than navy beans.

On May 28, 2024, the Court issued an opinion and order (ECF Nos. 93, 94) largely adopting Magistrate Judge Maarten Vermaat's February 7, 2024 Report and Recommendation ("R&R") (ECF No. 83) and granting certain Defendants summary judgment. With respect to Jamros, the magistrate judge recommended denying her motion for summary judgment. While the Court agreed with the magistrate judge's conclusion as to the merits of Jamros's summary judgment motion, it identified an issue related to exhaustion. The Court thus ordered supplemental briefing, explaining:

> [T]he Court will delay adopting the magistrate judge's recommendation in full for consideration of an ancillary issue that results from the foregoing analysis. Although neither the magistrate judge nor Jamros raised this specific point, the magistrate judge's conclusion does create a lingering issue—exhaustion. The Court previously concluded that Dykes successfully exhausted his claims against both Jamros and Stallman. (3/27/2023 Order Approving R&R, ECF No. 39.) However, that order covered only 2020 encounters with respect to Jamros. (*See* 2/13/2023 R&R 9, ECF No. 32.) In contrast, the order explicitly covered encounters in both 2020 and 2021 with respect to Stallman. Because the claims against Jamros have been clearly extended to 2021 for the first time, Jamros should have the opportunity to assert an exhaustion defense in the first instance.

(5/28/2024 Op. 28.)

The only issue for this Order is whether Dykes exhausted his administrative remedies for Jamros's denial of medical care in 2021. If he did, the magistrate judge's recommendation to deny Jamros summary judgment will be adopted. Both Jamros and Dykes have submitted supplemental briefing.

The Court previously adopted the February 13, 2023 R&R (ECF No. 32) on the issue of exhaustion. (*See* Order Adopting 2/13/2023 R&R, ECF No. 39.) In that R&R, the magistrate judge analyzed two grievances, the content of which he summarized as follows:

| Grievance No. | Person Named | Allegation | Date or Date Range of Incident(s) | Results at Step 1 | Results at Step 2 | Results at Step 3 |
|---|---|---|---|---|---|---|
| KCF 20-10-0829-12I (ECF No. 16-1, PageID.272-276.) | none | Medicated for stomach problems for over two years and recently discovered issue was diet of soy, cabbage, and tomato | 9/24/2020 | Denied – but will be scheduled for treatment if desired. Encourages Plaintiff to re-send request for treatment. | Denied | Denied |

2

| Grievance No. | Person Named | Allegation | Date or Date Range of Incident(s) | Results at Step 1 | Results at Step 2 | Results at Step 3 |
|---|---|---|---|---|---|---|
| | | sauce. Plaintiff requests to be taken off medication. | | | | |
| KCF 20-10-0897-12F (ECF No. 16-1, PageID.247-251.) | NP Jamros, Dietician Willard, Dietician Wellman, Health Unit Manager, Health Unit Supervisor, Special Activities Coordinator Adamson, Deputy Director McKee, and Corizon, Inc. | Stomach discomfort over past few years caused by soy, cabbage, bread, beans, and salad dressing. | 10/22/2020 | Denied – Plaintiff was evaluated by a nurse for a vegan diet, and dietician informed him that healthcare cannot order a religious diet. Plaintiff encouraged to contact the Chaplin. | Denied | Denied |

(2/13/2023 R&R 9-10.)

With respect to the first grievance, No. KCF 20-10-0829-12I ("Grievance 12I"), the magistrate judge concluded:

> Dykes-Bey asserted that in his grievance that he was requesting a medical diet from "healthcare." This grievance was sufficient to place the MDOC on notice that Dykes-Bey was grieving healthcare staff, which would include his providers—NP Jamros and Dr. Stallman, among others—for failing to properly address his medical need for a diet that would not cause him gastrointestinal distress. The MDOC did not reject the grievance for failing to name a specific individual and, in fact, addressed Dykes-Bey's grievance at each step of the grievance process. . . . For these reasons, it is the opinion of the undersigned that this grievance—KCF 20-10-0829-12I— . . . was sufficient to grieve his claims against Dr. Stallman and NP Jamros.

(*Id.* at 13.)

3

With respect to the second grievance, No. KCF 20-10-0897-12F ("Grievance 12F"), the magistrate judge concluded:

> It cannot be disputed that Dykes-Bey clearly named . . . NP Jamros . . . at Step I for failing to provide him with a medical diet in violation of his Eighth Amendment rights. In fact, as shown above, Plaintiff's Step I grievance specifically lists Jamros . . . among the named subjects of the grievance. Defendants urge the Court to read this grievance narrowly, as a complaint against Dietician Wellman for conduct that occurred in October of 202[0]. (ECF No. 22, PageID.365.) But there exists no reason for the Court to narrowly construe this grievance or the allegations that Plaintiff asserts in his complaint.

(*Id.* at 14-15.)

Thus, the magistrate judge recommended denying Stallman and Jamros's exhaustion defense and allowing Dykes's claims against both to move forward. For Stallman, those claims explicitly covered denial of medical care in 2020 and 2021. For Jamros, those claims explicitly covered denial of medical care only in 2020. Neither Defendant objected to the R&R.

The Court has concluded that a material question of fact exists as to whether Jamros provided medical treatment to Dykes in 2021. (5/28/2024 Op. 27-28.) Notably, this timing is potentially material as Dykes was diagnosed with a medical condition in May 2021 that may have indicated a change in diet was medically necessary. (*Id.*) In her supplemental briefing, Jamros points out that Dykes did not file any grievances against her for treatment occurring in 2021. She also argues that Dykes's diagnosis in May of 2021 required him to file additional grievances for Jamros's failure to treat his newly-discovered specific medical condition, rather than the more general "food intolerances" of which he previously complained. Jamros's arguments are unconvincing.

First, the Court notes that while it previously ruled on exhaustion for Dykes's medical encounters with Jamros in 2020 only, those same grievances were found to exhaust Dyke's medical encounters with *Stallman* in both 2020 and 2021. But there are no specifics in either grievance

4

that would suggest Dykes exhausted his 2021 claims with respect to one Defendant but not the other.  In fact, Stallman was not specifically named in either grievance, while Jamros was.  In other words, if the grievance was sufficient to exhaust Dykes's claims against Stallman, it should also be sufficient to exhaust Dykes's claims against Jamros.  If anything, Dyke's exhaustion argument is stronger as to Jamros.

The continuing violation doctrine is particularly relevant here.  "Where there is 'one, continuing harm' or a single course of conduct (which can lead to discrete incidents of harm), filing repeat grievances is unnecessary." *Morgan v. Trierweiler*, 67 F.4th 362, 369-70 (6th Cir. 2023) (quoting *Siggers v. Campbell*, 652 F.3d 681, 692-93 (6th Cir. 2011)).  In *Morgan*, the Sixth Circuit found that a prisoner had properly exhausted his free exercise claim when he filed a single grievance complaining that "he was denied Halal food *continuously*, not just at particular meals[.]" *Id.* at 370.  It stressed that so long as the "continuing nature of the harm" is evident from the grievance, a prisoner need not file a separate grievance each time the harm re-occurs.  *Id.*

Here, the continuing nature of the harm was evident from Dykes's grievances.  In Grievance 12F, which specifically named Jamros, Dykes complained of the continuing effects of being denied a medical diet free of certain foods:

> I am . . . being forced to consume foods that [are] causing me extreme discomfort, (extreme gas, diarrhea, and vomiting) . . . . I have been taking medication for my extreme gas condition for a few years now, I was given the medication because the doctor could not figure out what was causing the condition . . . . [D]ietician Kelly Wellman . . . told me by correspondence "therapeutic diet changes (substitution) are not provided to accommodate individual food intolerances," which means I have to continue to take medication against my will, that is only giv[ing] a small amount of relief, and continue to suffer the conditions of extreme gas, diarrhea, and occasional vomiting even though there is a solution.

(Grievance 12F, ECF No. 16-1, PageID.250.)  Just as the prisoner in *Morgan* was not required to file a new grievance every time MDOC provided him a non-Halal meal, so too Dykes was not required to file a grievance every time MDOC provided him a meal that triggered medical issues.

5

Second, Jamros's focus on the May 2021 diagnosis is misplaced. Dykes's diagnosis may be relevant for the merits of his claim, but it has no impact on Jamros's exhaustion defense. Dykes sought medical care for ongoing gastrointestinal complications from his diet. Eventually, as part of his treatment, his medical team tested him to determine the cause of the complications. The diagnosis that resulted from that testing may have indicated a medical diet was necessary. In other words, the diagnosis may have given Dykes's medical team more information as to a potential *solution* to his problem, but it did not create a new problem in and of itself. Dykes's grievance remained the same—his diet was causing him gastrointestinal distress. It would be illogical to require Dykes to file a new grievance once he understood why that was so.

Because of the potential impact of Dykes's medical diagnosis on the merits of his claim, the Court concluded Jamros should be given the opportunity to raise an exhaustion defense as to subsequent medical encounters which were not previously clearly included in the scope of this action. But Jamros does not raise any argument which would justify treating the pre- and post-diagnosis medical encounters differently from an exhaustion standpoint. Therefore, the Court concludes Dykes properly exhausted all of his stated claims against Jamros and will now adopt the magistrate judge's recommendation to deny Jamros's motion for summary judgment. To that end, the Court incorporates by reference its May 28, 2024, opinion as to the merits of Jamros's motion.

Accordingly,

**IT IS ORDERED** that the R&R of the magistrate judge related to Defendant Jamros (ECF No. 88) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Jamros's motion for summary judgment (ECF No. 64) is **DENIED**.

Order amended to include adoption of the R&R (ECF No. 88) and to correct the ECF No. of Defendant Jamros's motion.

Dated: July 18, 2024                                              /s/ Hala Y. Jarbou
                                                                            HALA Y. JARBOU
                                                                            CHIEF UNITED STATES DISTRICT JUDGE